UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA WHITE,<br>    Plaintiff<br>v.<br>WASHINGTON INTERN STUDENT HOUSING, *et al.*,<br>    Defendants | Civil Action No. 18-2021 (CKK) |

**MEMORANDUM OPINION**
(July 29, 2019)

Plaintiff Joshua White is a former employee of Washington Intern Student Housing ("WISH"). As an employee of WISH, Plaintiff managed a dormitory referred to as Woodley Park. Washington Media Institute ("WMI"), an organization that provides internships with media organizations in the District of Columbia, houses some of their participants in Woodley Park. Plaintiff argues that he was wrongfully terminated by WISH in retaliation for complaints that he made about alleged harassment by Amos Gelb, the Director of WMI.

On April 25, 2019, the Court issued an Order dismissing several of Plaintiff's claims against Defendants WISH and WMI. *See* April 25, 2019 Order, ECF No. 22. Following the Court's Order, the only claim remaining against Defendant WMI is Plaintiff's Count V negligent supervision and retention claim. The Court denied without prejudice Defendant WMI's prior motion to dismiss this claim as the parties had failed to brief a central issue. *See* April 25, 2019 Memorandum Opinion, ECF No. 23, 21-23. Defendant WMI now, again, moves to dismiss Plaintiff's Count V claim for negligent supervision and retention.

Upon consideration of the pleadings[1], the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant WMI's Motion. The Court finds that Plaintiff has failed to allege facts sufficient to state a plausible claim that WMI knew or should have known that Mr. Gelb engaged in dangerous or otherwise incompetent behavior prior to the alleged acts giving rise to Plaintiff's claims. As such, Plaintiff's Count V claim for negligent supervision and retention is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On April 25, 2019, the Court issued a Memorandum Opinion resolving Defendant WMI and Defendant WISH's initial motions to dismiss. For purposes of this Memorandum Opinion, the Court shall assume familiarity with, and incorporate herein, its April 25, 2019 Memorandum Opinion which describes in detail the factual background of this case. As such, the Court only briefly addresses those facts which are necessary to resolve Defendant WMI's instant motion.

Plaintiff began working for WISH in late 2012. In August 2013, he moved into Woodley Park, one of WISH's dormitories. As part of his employment responsibilities, Plaintiff managed the dormitory. Compl., ECF No. 2, ¶ 9. WMI participants were some of the residents at Woodley Park. *Id.* at ¶ 10. And, WMI occasionally held classes at Woodley Park. *Id.* at ¶ 14.

---

[1] The Court's consideration has focused on the following documents:
- Mem. of Law in Support of Def. WMI's Mot. to Dismiss Count 5 of the Compl. ("Def. WMI's Mot."), ECF No. 24-1;
- Pl.'s Mem. in Opp'n to Def. WMI's Mot. to Dismiss Count 5 of the Compl. ("Pl.'s Opp'n to Def. WMI"), ECF No. 26-2; and
- Def. WMI's Reply in Support of Mot. to Dismiss Count 5 of the Compl. ("Def. WMI's Reply"), ECF No. 27.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Plaintiff alleges that Mr. Gelb, the Director of WMI, began sexually harassing him soon after Plaintiff moved into Woodley Park. *Id.* Plaintiff claims that Mr. Gelb would knock on his door late at night, make sexually suggestive remarks, and touch him in an aggressive, sexual manner. *Id.* at ¶ 15. Plaintiff further alleges that Mr. Gelb would leave sexual notes on his door and at other locations throughout Woodley Park. *Id.* Plaintiff also claims that in October 2016, Mr. Gelb secretly recorded a video of Plaintiff and his partner having sex and sent it to several Woodley Park residents. *Id.* at ¶ 16. Finally, Plaintiff claims that he was fired by WISH after Mr. Gelb threatened to terminate WMI's contract with WISH unless Plaintiff was fired. *Id.* at ¶ 21.

In Count V of his Complaint, Plaintiff brings a claim for negligent supervision and retention against Defendant WMI. Plaintiff states that Defendant "WMI knew or should have known that [Mr.] Gelb was unfit to work directly with Mr. White and posed a particular risk of sexually harassing Mr. White." *Id.* at ¶ 57. Plaintiff further alleges that Defendant WMI's negligent supervision and retention of Mr. Gelb "was a substantial factor in causing harm to Mr. White." *Id.* at ¶ 59. In the instant motion, Defendant WMI moves to dismiss Plaintiff's Count V claim for negligent supervision and retention.

## II. LEGAL STANDARD

Defendant WMI moves to dismiss Count V in Plaintiff's Complaint under Rule 12(b)(6). According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

The only issue currently before the Court is Defendant WMI's Motion to Dismiss Plaintiff's Count V claim for negligent supervision and retention. In order to state a claim for negligent supervision and retention, the plaintiff must allege facts sufficient to support the inference that the employer knew or should have known that the employee behaved in a dangerous or otherwise incompetent manner prior to the conduct giving rise to the claim and that, despite this actual or constructive knowledge, the employer failed to adequately supervise the employee. *See Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985).

In his Complaint, Plaintiff makes the conclusory allegation that Defendant "WMI knew or should have known that [Mr.] Gelb was unfit to work directly with Mr. White and posed a particular risk of sexually harassing Mr. White." Compl., ECF No. 2, ¶ 57. This conclusory allegation alone is insufficient to create a plausible claim for relief as Plaintiff has alleged no facts explaining how Defendant WMI "knew or should have known" that Mr. Gelb posed a risk to Plaintiff. Instead, Plaintiff contends that, "[b]y virtue of [Mr.] Gelb's position as the Director of WMI, WMI was aware of and ratified Gelb's conduct and found it an acceptable part of his employment." *Id.* at ¶ 25. As such, Plaintiff's claim for negligent supervision and retention rests on the argument that Mr. Gelb's knowledge of his own actions must be imputed to Defendant WMI.

In both the briefing for the prior Motion to Dismiss and the briefing for the instant Motion to Dismiss, the parties cite no cases involving a claim for negligent supervision and

4

retention in which the plaintiff argued that the employee's knowledge should be imputed to the employer based on the employee's position within the organization. Conducting its own research, the Court could also find no instructive cases.

Instead, as the Court suggested in its prior Memorandum Opinion, the parties look to the principles of agency law for their arguments. *See* April 25, 2019 Memorandum Opinion, ECF No. 23, 22-23. As the Court previously explained, pursuant to the principles of agency law, "[a]s a general rule, knowledge acquired by a corporation's officers or agents is properly attributable to the corporation itself." *BCCI Holdings (Luxembourg), S.A v. Clifford*, 964 F. Supp. 468, 478 (D.D.C. 1997). As the Director, Mr. Gelb is an officer or agent of Defendant WMI. Accordingly, Mr. Gelb's knowledge of his alleged conduct could theoretically be attributed to Defendant WMI. However, there are exceptions to the general rule that knowledge of a corporation's officers will be attributed to the corporation. As is relevant here, "there will be no imputation of knowledge if the officer or agent is adversely interested to the corporation." *Id*. (internal quotation marks omitted); *see also FDIC v. Shrader & York*, 991 F.2d 216, 223 (5th Cir. 1993) (citing Restatement (2) of Agency, stating that a "principal is not affected by the knowledge of an agent in a transaction in which the agent secretly is acting adversely to the principal and entirely for his own or another's purpose"). In its prior Memorandum Opinion, the Court refused to decide whether or not the adverse interest exception applied in this case because the Court lacked relevant arguments on the issue. Having now considered the parties relevant arguments, the Court concludes that the adverse interest exception applies and that Mr. Gelb's knowledge of his own alleged conduct cannot be imputed to Defendant WMI.

Plaintiff contends that Mr. Gelb and Defendant WMI did not have adverse interest. Instead, Plaintiff argues that their interests were coextensive because "[i]t was in both their

5

interests to 1) reject as untrue Mr. White's allegations of harassment against Mr. Gelb, and 2) persuade WISH to accede to Mr. Gelb's demand that Mr. White's employment be terminated, so that WMI could continue to reap the pecuniary benefit associated with its students attending classes in WISH's facility." Pl.'s Opp'n to Def. WMI, ECF No. 26-2, 2.

But, Plaintiff's argument fails to address Defendant WMI's interests at the relevant time-point—the time that Mr. Gelb's acts are alleged to have been committed. Instead of focusing on Defendant WMI's interests at the time that Mr. Gelb's acts are alleged to have been committed, Plaintiff's argument focuses on the aftermath of Mr. Gelb's alleged acts and a shared interest in denying or discounting those acts. Plaintiff ignores that, to state a claim for negligent supervision and retention, Mr. Gelb's knowledge of his alleged acts would need to be imputed to Defendant WMI prior to the time that Mr. Gelb's conduct occurred. *See Rawlings v. DC*, 820 F. Supp. 2d 92, 114-115 (D.D.C. 2011) (requiring plaintiff to show that the employee engaged in dangerous behavior "before" the incident subject to litigation). Accordingly, even if the Court assumes that Plaintiff is correct that Mr. Gelb and Defendant WMI had coextensive interests in the aftermath of Mr. Gelb's alleged conduct, such coextensive interests cannot be used to impute knowledge to Defendant WMI of Mr. Gelb's alleged conduct.

At the time that Mr. Gelb allegedly committed his acts, Mr. Gelb and Defendant WMI had adverse interests. Mr. Gelb's alleged harassment of Plaintiff was adverse to Defendant WMI's interests as it risked harming Defendant WMI's working relationship with WISH which was a pecuniary benefit for Defendant WMI. Additionally, Mr. Gelb's interests would not have been served by Defendant WMI having knowledge of his alleged harassment as he would have risked professional reprimand or even termination.

Because Mr. Gelb and Defendant WMI had adverse interests at the time of the alleged

acts, the Court cannot impute Mr. Gelb's knowledge of his own alleged conduct to Defendant WMI. And Plaintiff provides no other argument as to how Defendant WMI would have known or have had reason to know that Mr. Gelb posed a danger to Plaintiff. Accordingly, Plaintiff has failed to state a claim for which relief may be granted for his Count V claim for negligent supervision and retention.

Having concluded that Plaintiff failed to state a claim for which relief may be granted, the Court must next decide whether to dismiss Plaintiff's claim with or without prejudice. Plaintiff asks the Court to dismiss without prejudice his claim for negligent supervision and retention because discovery may reveal that Defendant WMI had reason to know of Mr. Gelb's propensity to engage in dangerous or otherwise incompetent behavior. Defendant WMI asks the Court to dismiss with prejudice Plaintiff's claim as "he should not be granted a further extension for his fishing expedition." Def. WMI's Reply, ECF No. 27, 3.

Considering the parties' arguments, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Count V claim for negligent supervision and retention. The United States Court of Appeals for the District of Columbia Circuit has explained that "[d]ismissal with prejudice is the exception, not the rule, in federal practice because it operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them." *Rudder v. Williams*, 666 F.3d 790, 794-95 (D.C. Cir. 2012) (internal quotation marks omitted). Given the relatively high standard for dismissal with prejudice, the Court concludes that dismissal without prejudice is more appropriate as the Court cannot say that it is impossible that Plaintiff will be able to plead sufficient facts to maintain a claim of negligent supervision and retention against Defendant WMI.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant WMI's [24-1] Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Count V claim for negligent supervision and retention as Plaintiff failed to allege facts sufficient to support the inference that Defendant WMI knew or should have known that Mr. Gelb behaved in a dangerous or otherwise incompetent manner prior to the conduct giving rise to the claim. As there are no remaining claims against Defendant WMI, Defendant WMI is DISMISSED from this lawsuit.

An appropriate Order accompanies this Memorandum Opinion.

                                               /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge